Are you ready? Okay, we're ready. Thank you. Thank you, Your Honors. May it please the Court, my name is David Barber for Appellant Unite Here Local 30. I'd like to reserve three minutes. I'm sorry, how much? Three minutes of my time. Okay, thank you. If I may. In this case, the District Court exceeded the proper judicial role when it denied the union's petition to compel arbitration. The proper judicial role in such circumstances is for the Court to look at the subject matter of the dispute between the union and the employer. In this case— Pardon me, Mr. Barber, isn't the first thing that should be done in an arbitration case to decide is there a contract to arbitrate, and if so, what is the range of the issues to be arbitrated? Yes, Your Honor. Isn't that exactly what the District Court did, saying, under this agreement, if the parties voluntarily and with discretion choose to mediate, there will be a mediation and a decision unless the mediator thinks there's not sufficient evidence, and then it goes to arbitration. So it's a determination of what the contract conditions are as to whether there's a mediation and an arbitration. It's not a procedural matter. It's a matter of the substance of the agreement. Isn't that right? With respect, Your Honor, no. The question of whether the mediation here bars arbitration is precisely a procedural question. But it has to do with the terms of the contract. You get — if you choose a mediation, the mediation's determination is, quote, binding. Well— Unless the mediator, before he renders the decision, finds there's not sufficient evidence, so therefore he backs off, and then you can go to arbitration. That's the way I read it. Well, first, Your Honor, the union's position is that this is a procedural issue and that— Why is it a procedural issue? That the subject matter of the dispute between the parties here is whether the termination of the grievant, Rosie Castellanos, was for just cause. That is the subject matter. Those are the merits of the case. That's right. The question is, is it a mediation or is it an arbitration? And that, Your Honor, we believe is a procedural issue. And here is why. Well, let me— Well, no, the thing is, your contract says binding mediation or arbitration. To me, your best argument would be is there's an ambiguity whether people can engage in non-binding arbitration, and that's not part of it. But if it can only be mediation or arbitration, then you want two bites out of the apple. So it's—I know apparently it was said at the beginning, this is non-binding. So is this just a badly written agreement, or what's going on here? Well, Your Honor, to decide— You don't get two bites out of the apple. To decide whether arbitration is proper here after this mediation took place does require quite a deep dive into the collective bargaining agreement. And the first issue, as Your Honor said, is whether this was a binding mediation under Section 25D. Well, it seems to me the only way you can prevail is that it's ambiguous, and then you get to get into the fact that it's ambiguous whether a binding mediation is different than just if the parties want to mediate. And then you can get into bringing in all the extrinsic stuff. But if it's just—if it's only mediation and arbitration, then you're doomed. But, Your Honor, it's not the issue— You guys wrote the agreement. Well, if I could respond. You're not—you know, this is—you know, I call this—you're both sort of the usual suspects. You've got employers and employees, and this is what you all do for a living. And I can't believe that you don't know what you're doing when the— but then on the other hand, if someone gets up there and says this isn't a binding mediation, I think mediation by its very nature isn't the same as arbitration. But binding mediation, the way it's written in here, has got to mean something. Your Honor, the union said at the outset of this mediation session, we don't agree to binding mediation. And Section 25D says you only get binding mediation if, on a case-by-case basis, the parties agree to use the 25D process, the binding mediation process. The union said we don't agree to binding mediation. I know of no place in the contract and no rule of labor law that prohibits a private employer and a union from agreeing on a case-by-case basis to use any alternative form of— Well, but it's not a very well-written contract if that's the case. Your Honor, I agree that the contract is ambiguous. It also says— Well, you have to not just agree. You've got to posit that it's ambiguous if you want to get in all the— The tribal issue here for the courts is whether the subject matter of the dispute, whether the grievance over the termination is arbitrable. And once that subject matter is found to be arbitrable, the question of what procedures were followed is not for the courts. It's for the arbitrator. Now, I would also point out that the district court did not make any finding that this mediation was— Well, Your Honor, there's battling evidence about what happened at this mediation, and the district court didn't resolve it one way or the other. There are battling declarations. The district court didn't resolve it one way or the other. Instead, the district court really rested its decision on the alleged untimeliness and the alleged improper form of the union's arbitration demand, and both of those are clearly procedural issues. As to this mediation, the union alleges and the union says this was not— we never agreed to a binding mediation. We agreed— Well, just a second. It's not a matter of whether you agree to a binding mediation. The contract provides that mediation decisions are binding. Once you agree to a mediation, you agree to a binding mediation. With respect, Your Honor, we disagree. The contract says if you agree to the binding mediation procedure in Section 25D on a case-by-case basis, and it says that must be agreed on a case-by-case basis, then it's binding. That's either you agree to mediation or you don't agree to mediation. You don't say I agree to mediation but my kind of mediation. If you agree to binding mediation on a case-by-case basis, then it's binding. But the difficulty is that I read that there's only one kind of mediation in this contract, and that's binding mediation. You think that there's binding mediation and non-binding mediation because you can agree to mediation or not. That doesn't follow. With respect, Your Honor, I think that the parties on a case-by-case basis may agree to flip a coin over a grievance or may agree to submit to a fact finder or may agree to any alternative. No, I read the case-by-case basis as qualified to agree to mediation or not mediation. If you don't agree to mediation, you go to arbitration. Doesn't this – he didn't answer your question, so I'll be quiet. Answer his question. I'm sorry. Well, go ahead with your argument. Well, what I want to – Lee has a question. It seemed to me that – trying to make sense of this – that one thing, you have a mediation where the parties agree to a mediator. In other words, you don't have to get any outside party in it. And if you do that, then your rules are quite more relaxed. It doesn't get you into an arbitration circumstance. So you have two options. One is you can mediate and have that binding. But if you don't agree to that, you don't agree on a mediator, then you would go to an arbitrator. And then you have to go to the federal or state mediator. You go to their website and you find out you've got all sorts of processes. You have a list to go through. So you have two options. One is simple, but you agree to it, and it's binding. The other is more complex, and it's also binding. So it seems like it makes good sense for both of you. One of them is cheap, but it's binding. And one is more expensive, but it's binding. But one of them you agree to, one of them you don't. You have to strike mediators and go through a process to ultimately find somebody that is imposed on you. Your Honor, I agree that those are the two processes in the contract. But what happened here was the union didn't agree to the binding mediation process. It instead said, we're fine with discussing this, we're fine with mediating it, but we don't agree to have it be binding. And the company actually asked. Well, it seems to me what you're saying is that we have an obligation to do one of two things. We either interpret this contract, and we don't care about what the union did when it walked in there because we're limited to whether the agreement of the parties as written in the collective bargaining agreement compels a conclusion that the mediation is binding. And what you're saying is, no, Judge, I want you to look at something outside this agreement, which is what I said before I went in there, and therefore find that that should be used to interpret what the contract means. So the question is whether we take your statement before the mediation and conclude from that we're now going to find that this doesn't mean what it says. Once again, Your Honor, we believe that this is a question of what procedures were followed and whether the union has met the proper procedural prerequisites to demanding arbitration. And as such, under Wiley, under Operating Engineers v. Morrison-Knudsen, under the servomation case, this question about the status of what happened at this mediation is a procedural question that has to be submitted to the arbitrator because the substance of the dispute is over whether this woman was fired for just cause or not. And that substance, the merits of that, that subject matter, is clearly arbitrable under this agreement. And I'll ask you one more question. Assuming the union hadn't walked in and said that, that that wasn't a factual issue, are you still saying that all mediations are not binding? No, Your Honor. So is it the key to your argument, the statement that was made by the union before the mediation? That's correct, and it's supported by the mediator's document, this mediator's recommended settlement itself, which certainly does not look like a binding decision. It's titled Mediator's Recommended Settlement. It says, it's incumbent upon me, since the parties didn't reach an agreement, to recommend a settlement. It recites some facts, and then it says, I recommend the following settlement. And that certainly doesn't look like a binding award or binding decision. And so that supports the union's contention, which is also supported by a declaration. Okay. You're over time. After I hear the other argument, I'll decide if I'm going to give you a minimal rebuttal. Thank you, Your Honor. All right. Thank you. All right. Good morning. Good morning, Your Honor. May it please the Court. How do you meet? This is the last point he made. Can we have his name first? I got a soundtrack. Steve Hernandez. Yeah, exactly. Okay, wait. Let's start back over at 10. Can you start us over? Okay, thank you. Say your name, and then Judge Bea is waiting for you. Steve Hernandez with Barton Thornburg, Your Honor. The mediator styled his writing as a recommended settlement. What about the point that that doesn't sound very much like a binding decision? Your Honor, as Judge Whaley mentioned, it's a much less formal procedure, right? The mediator in this particular instance is a mediator. It's what he generally does. He's not used to making, you know, arbitration awards. Do you agree that a recommended settlement allows the option by the persons to whom it is recommended not to accept it? Not pursuant to the terms of the agreement between the parties, Your Honor. The determination of the agreement says a mediation decision will be binding. Right. But is a recommended settlement a decision? Your Honor, how the mediator styled it ultimately shouldn't matter here. Well, but it's some evidence because you start with 25D of the CBA, which says, quote, the process noted above shall be used on a case-by-case basis if mutually agreed to by the employer and the union. So what is the meaning of this sentence if not that mediation is binding only if both the employer and the union agree it will be binding, and then you've got the union's dispute that agreed to binding mediation, and then plus you have the language of, quote, recommendation for settlement. So how do you put all of that together and say that there isn't some ambiguity and this is just like a really bad contract? Well, Your Honor, I agree, first of all, it's a bad contract, and the place to fix that is at the collective bargaining table, not at the Ninth Circuit. Well, I know, but if you create an ambiguous contract and the contract lends itself to the fact that there can be both binding and unbinding or mediation and that this was unbinding because that's what they said and it doesn't count. Your Honor, that's like me showing up today and saying this doesn't count. Well, I know, but I think from the standpoint, I mean, and it doesn't count here, I think that's clear, the process only if mutually agreed upon, and it's not mutually agreed upon here. But it was agreed upon, Your Honor. The parties agreed to mediation, making this binding mediation. There's no binding mediation. Where am I coming up with the language that the union said right at the mediation? We're not agreeing to binding mediation. Again, that's like me saying this doesn't count, Your Honor. Well, did they say that? Did they say that? I wasn't there, but I believe they did, Your Honor. All right. Well, I'm not making that up. You're absolutely not. So how was there a mutual agreement that there was binding mediation? If one side said this isn't binding and the other side just sits there and, I mean, why didn't your party then get up and say, well, then we're wasting our time? Well, Your Honor, the way it works This is under the contract, this is binding, and it counts, and you don't get two bites out of the apple. So I'm not going to spend any time here if you don't think this counts. Well, the way it works, Your Honor, is the parties go through the grievance arbitration procedure, right? Section 25D says you grieve it initially between the parties. Then you go to mediation. If you agree to mediation, you go to binding mediation. The parties agree to go to mediation. Centerplate, my client, shows up expecting a binding mediation. Well, why don't you walk out when someone says, I don't agree to binding mediation? Because that's not, no one, the person actually that attended the mediation on behalf of the company has been doing this for 20-plus years. Never before has that happened, and never has it been contemplated that that's a possibility. So the fact that the unions person said that didn't hold any water. It doesn't matter what that person says. The agreement is the agreement. The parties agree to binding mediation. That's what this is. Well, but one person is standing there saying, I don't agree to binding mediation here. I don't think you have to be a rocket scientist to understand what that means. That's not some legally technical thing. No, absolutely it's not a legally technical thing. It's also not something legally technically permitted pursuant to the agreement. To address a couple of other points, Your Honors. Secondarily, while we agree, as Judge Bea said, that the agreement doesn't provide for non-binding mediation, the district court also looked at the procedural defects in the union's demand for arbitration. And in our view, this is precisely the type of situation that the Ninth Circuit considered in servamation. Where servamation, the court said, the facts before it in that case were not sufficient for a finding that there was no procedural defect. Here, Your Honors, it's plain that there is no factual dispute at issue. That the mediator reached his decision on April 1st. Twelve days later, the union submitted its demand for arbitration. There's nothing in the record where the union says, this is why we didn't submit it timely. There's no reason for it. The only thing they can point to is the fact that in their complaint, they allege that they timely filed it. Well, so what is the procedure by which the parties came to mediation here? How did they decide to mediate? How was the mediator selected? Is any of that even in the record? It's not, Your Honor. Okay, so then I say, if we were to find that the language of the CBA is ambiguous and reasonably susceptible to either party's interpretation, does that mean we should remand for an evidentiary hearing on, among other things, the union's contention of a pattern and practice in the parties utilizing non-binding mediation? You're saying that never happens. They're saying it does happen, so. Your Honor, it's not something that's allowed by the contract. We're not asking you to deviate from what the contract says, right? Section 301 says. Well, that's the only way you win, that the contract is unambiguous. Because the contract isn't ambiguous, Your Honor. Well, but I'm saying that's the only way that you win. If we say it's ambiguous, then there's got to be a hearing on all of those things, right? And then we win there, Your Honor. Well, I don't know whether you win or not there, but I'm saying the way you win here is it has to be unambiguous. Correct, Your Honor. Agreed. Okay. So, to my prior point, this is precisely the type of case where there is no factual dispute underlying the procedural defects and the demand for arbitration. There was no procedural, excuse me, there was no factual dispute. Mr. Hernandez, in determining whether the contract is ambiguous at all, your position is it's not ambiguous. Do we apply California rules of documentary interpretation? I believe, Your Honor, this is a purely federal issue. So your answer would be no. Right. Right. So we don't consider if the contract is ambiguous, do we take evidence to resolve the ambiguity? I don't believe it's necessary here, Your Honor. Let's hypothetically suppose that the contract is ambiguous in determining that mediation is mandatory. How do we determine if it is ambiguous what the expressed intention of the parties was? Your Honor, I think the fact that the union went to the mediation, pursuant to the agreement, and had to state at that mediation, this is now non-binding because we're saying it is, shows you that the initial intent of the parties was that it be binding. In other words, you're talking about the subsequent actions of the parties to the contract can be looked at as an interpretive tool as to the expressed intent of the parties. I think it's clear, Your Honor. They agreed to go to mediation pursuant to the terms of the agreement. But how does that decide the question about whether they thought the mediation was binding or not binding? The fact that they had to say at the beginning of the mediation, after the parties had agreed to it, to say this is now non-binding, is because they understood that it was binding from the get-go. Otherwise, they wouldn't have needed to say it. If the parties had agreed to non-binding mediation going in, everyone knows it's non-binding. There's no need to say, hey guys, by the way, this is non-binding. Everyone already agreed. Well, I would say that to me the more persuasive argument is the opposite. Which is? So if they had said nothing going in, then I would say your argument would be better that it was under the agreement and that it was, but there's no evidence in the record as how you all got to mediation, and then plus we do know in the record that they say it's non-binding. Which, I mean, can parties be prevented from just mediating on their own? No, Your Honor. Not under normal circumstances. Here, though, we have an agreement. So any mediation by parties that it would have to be, it would always be binding, you're saying? These two parties? Yes, Your Honor. These two parties have no right to engage in non-binding mediation. Not pursuant to the terms of the agreement, Your Honor. But you said I can't, there's nothing in the record that tells me how they got to that place. Your Honor, both parties have been citing to Section 25D of the agreement the entire time. The union has cited to it repeatedly throughout the papers, Your Honor. There's no argument that this is outside of the agreement. They're trying to go to arbitration through the agreement, Your Honor. There's nowhere else that they get to arbitration. All right. Unless my colleagues have any additional questions, I'll give you one minute for rebuttal. Thank you, Your Honor. Thank you. Thank you, Your Honor. To address Judge Bea's question, this is a matter of federal law. The federal jurisprudence under Section 301 of the Labor Management Relations Act establishes the rule of decision here. And it's not normal contract law. There's actually a very special rule of decision when a party under a collective bargaining agreement seeks to compel arbitration. And that is you look at the subject matter of the dispute, determine if it falls within the scope, and if it does, you order arbitration. Unless it can be said with positive assurance that the subject matter of the dispute is not arbitrable, the court must order arbitration. And so that is quite a different standard than when faced with a normal contract. Counsel, what you're doing is you're obviating the point that the parties here agreed to mediate rather than arbitrate. Your Honor, Section 25A of the contract says that any grievance not settled between the parties may be pursued to final and binding arbitration under this agreement. But that allows the argument that when they submitted the dispute to mediation, they agreed among the parties to submit it to mediation, which is binding. In this case, they didn't agree to submit to binding mediation. Why do you say that? Is there something in the record which says that before the mediation even started, there's an undisputed fact that the union said, this mediation will not be binding? Your Honor, paragraph 12 of the complaint, which was never answered, says that the union never agreed to binding mediation for this reason. That's a conclusion. Under IGBEL, give me the factual allegation that says the undisputed factual allegation that the union never agreed to binding mediation. Your Honor, this record is not very well developed. The district court did not actually make a finding of fact one way or the other, whether the union said this is nonbinding or binding. But is that just something you're hypothetically saying, or do you have evidence of that? The evidence of what? Is there evidence before the mediation started that it was nonbinding? Did someone say that? Before the mediation started? Yes, there's evidence, excerpts of record, paragraphs 14 through 16. That's page 12, excerpts of record. It's a Nancy Browning declaration. She goes into detail about what the union said and the company's reaction at the beginning of this mediation session. There is not in this record anything about what happened before the parties arrived at the mediation. All right, I've got Nancy Browning's declaration here. Paragraph 14, at the beginning of the mediation in the presence of centerplace representatives and the mediator, I stated that the union wanted the mediation to be nonbinding. Rick Bates also communicated the union did not agree to binding mediation on this matter. This is what you're saying, right? That's correct. All right. Suppose that Ms. Browning had said, we want this mediation to take place at the United Nations. The contract didn't provide for that. The contract also doesn't provide for mediation to be nonbinding. What the contract provides is if both parties agree on a case-by-case basis, there's this optional binding mediation step in the grievance procedure. It doesn't say anything about what the parties may or may not do outside of that. It doesn't allow the parties to choose between binding and nonbinding arbitration. It says you can choose mediation, and if you choose it, it's binding, pal. I think that doesn't correctly construe, with respect, Your Honor. I don't think that doesn't correctly construe the contract. It says that on a case-by-case basis, the parties may agree to binding mediation. It is silent about nonbinding mediation or any alternative dispute resolution. There's an old Latin phrase that we use all the time in this circuit, which is expressio unias. That's exclusio. It means if you say one expression, it excludes all others. And here there is an expression of binding arbitration and no mention of nonbinding arbitration. It's a tough interpretive standard for you. Well, Your Honor, with respect, this is why this Court said in the Cervo-Mation case that procedural questions like this should be submitted to the arbitrator. Because arbitrators are familiar with industry practice. They're familiar with the way unions and employers relate to each other and resolve their disputes. And they're familiar with the many delays, the many side consequences. Let me ask you this. If those statements had not been made that this is nonbinding, if they just showed up and they mediated, is your position worse then? Yes. I know you would still probably come and object anyway. Probably not. That's okay. But that's like a sure loser in my mind. Yes, Your Honor. But again, our position is that this Court needn't reach the merits, but the Court is interested. All right. We've gone over in this. Unless my colleagues have any questions, thank you both for your arguments. This will be submitted.
judges: Callahan, Bea, Whaley